17 So.2d 590

### McWILLIAMS v. STATE.
### 7 Div. 759.

Court of Appeals of Alabama.
April 18, 1944.

Roy D. McCord, of Gadsden, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of grand larceny. Code 1940, Tit. 14, Sec. 331.

The appeal is on the record proper, without bill of exceptions. The record is regular in all respects.

The indictment, which consisted of but a single count, was laid in exactly the form prescribed by Code 1940, Tit. 15, Sec. 259, first paragraph, form 66. No demurrer was interposed to same.

Now, after conviction, and upon appeal, appellant contends that the indictment was void. This, because, he says it alleged that the property feloniously taken and carried away—stolen—was "one diamond ring, of the value of $37.50, the personal property of Brackin Jewelry." And he says Brackin Jewelry is not the name of a per-

ron, partnership, or corporation—in short, that it is the name of nothing.

But we do not know that. Neither could the court below.

The indictment alleged that the property stolen was the "personal property of Brackin Jewelry"—thus clearly indicating to the ordinary mind that Brackin Jewelry was a person.

The words Brackin Jewelry could well designate a person—though we might suspect they do not. Many names of persons ending in "ry" occur to us; and many more unusual names of persons than "Jewelry" are everywhere apparent. "Leg," "Foot," "Moon," are not uncommon names of persons. And we once knew an estimable gentleman by the name of "Summer Day."

So appellant, if indeed there was a defect in the designation of the party from whom it was alleged he "stole the ring", could not go to trial without objection and then, after conviction, expect relief from us in an appeal on the bare record.

The judgment is affirmed.

Affirmed.